## DELAWARE, L. & W. R. CO. v. BOWERS, Collector of Internal Revenue.

Circuit Court of Appeals, Second Circuit.
May 2, 1927.

No. 43.

Internal revenue ⬅11—Railroad, having agreement for free exchange of services with telegraph company, held liable for tax on messages sent at regular commercial rates (Treasury Regulation No. 57; Revenue Act 1918, and Revenue Act 1921, §§ 500, 501 [Comp. St. §§ 6309⅓a, 6309⅓b]).

Where railroad, having agreement with telegraph company for free transmission of messages within prescribed limit in return for free transportation to a certain amount, was not called on to furnish full amount of transportation to which telegraph company was liable, *held*, railroad was nevertheless liable, under Treasury Regulation No. 57, Revenue Act 1918, and Revenue Act 1921, §§ 500, 501 (Comp. St. §§ 6309⅓a, 6309⅓b), for tax on messages transmitted at regular commercial rates.

In Error to the District Court of the United States for the Southern District of New York.

Action by the Delaware, Lackawanna & Western Railroad Company against Frank K. Bowers, as Collector of Internal Revenue, to recover a tax paid under protest. Judgment for defendant, and plaintiff brings error. Affirmed.

W. S. Jenney and Douglas Swift, both of New York City, for plaintiff in error.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for defendant in error.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM. The decision in Hellmich v. Missouri Pacific R., 47 S. Ct. 395, 71 L. Ed. ——, decided by the Supreme Court February 21, 1927, construed sections 500, 501 (2), of the Revenue Act of 1918 and the Revenue Act of 1921 (Comp. St. §§ 6309⅓a, 6309⅓b), and held that article 11 of the Treasury Regulation No. 57 was properly promulgated by the Treasury Department. The court held that charges for telegraph service paid for by transportation service by the railroad company were taxable under section 500, and the Treasury Regulation No. 57 was proper to carry out the terms of the statute with reference to such a contract; also that it provides the proper method of measuring the charge for the messages.

We do not find that the case at bar is so different in its facts as to make the principle announced in the Missouri Pacific Case inapplicable. The plaintiff in error attempts to distinguish this case from that upon the claim that the messages were not actually paid for at the regular commercial rates, because the full transportation received from the railroad company for the year 1921 was only $18,135.76. And it argues that in the Missouri Pacific Case the facts show substantial equivalents in value of free transportation service exchanged for free telegraph service. In the contract for such service the parties agreed to certain benefits moving from the railroad company to the telegraph company, such as the use of its right of way, and these must be considered as exchanged for the benefits moving from the telegraph company to the railroad company. There was the obligation to convey messages up to a maximum amount, and these were paid messages. But it is argued that it is impossible to reduce to terms of money the consideration paid for such messages; however, the contract agrees that messages should be charged at regular rates in determining the maximum. The consideration moving from the railroad company was deemed worth the messages paid at commercial rates until the maximum allowance was reached.

We hold that the railroad company had, in fact, sent messages and paid for them in money's worth, and, pursuant to the decision in the Missouri Pacific Case, Regulation No. 57 properly measures the price paid for these messages, and the tax assessed pursuant to this regulation is proper. The fact that the method of calculating the consideration in this contract is different from that involved in the Missouri Pacific Case does not change the rule there applied. The purpose of each contract was to secure telegraphic services and transportation facilities upon terms which seemed most satisfactory to the contracting parties, each side obtaining an

equivalent for what it gave. Postal Telegraph, etc., v. Tonopah, etc., 248 U. S. 475, 39 S. Ct. 162, 63 L. Ed. 365. Under articles V and IX of the contract, there was no limit to the exchange of service on the lines of the railroad, either by the railroad or by the telegraph company. The railroad company did not give services free, and it paid for telegraphic services. We must assume that it was paid for in proportion as it was received.

The judgment is affirmed, with costs.